UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FIRST AMERICAN PROPERTY & CASUALTY INSURANCE COMPANY,<br><br>                    Plaintiff,<br>     v.<br><br>BROAN-NUTONE LLC,<br><br>                    Defendant. | CASE NO. C20-0199JLR<br><br>ORDER DENYING STIPULATED MOTION FOR EXTENSION OF TIME |

Before the court is the parties' stipulated motion to extend the pre-trial schedule in this matter. (Stip. Mot. (Dkt. # 23).) The parties jointly request a one-month extension for the discovery cutoff deadline and a 16-day extension for the dispositive motions deadline. (*Id.* at 2.) The parties do not seek an extension of the trial date or trial-related deadlines. (*Id.*) For the reasons below, the court DENIES the stipulated motion.

There are two problems with the parties' request. First, the court's initial scheduling order expressly provides that the court does not recognize "the failure to

ORDER - 1

complete discovery within the time allowed" as "good cause" for an extension of the case schedule. (Sched. Order (Dkt. # 19) at 2.) Second, the parties' requested dispositive motion deadline leaves only approximately 75 days before their trial date of August 30, 2021. The court issues scheduling orders setting the trial and related dates to provide a reasonable schedule for the resolution of disputes. The schedule generally provides approximately 90 days between the deadline for filing dispositive motions and the trial date to take into account: (a) an approximate 30-day lag between the date a party files a motion and the date that motion becomes ripe for the court's consideration, *see* Local Rules W.D. Wash. LCR 7(d)(3); and (b) an additional 30 days during which the court endeavors to rule on the motion, *id*. LCR 7(b)(5). Anything short of a 90-day period leaves inadequate time for the parties to consider the court's ruling and plan accordingly for trial or an alternate resolution. Thus, the court is unwilling to steal time from this 90-day period to provide additional discovery time for the parties. Accordingly, the parties' stipulated motion to extend deadlines (Dkt. # 23) is DENIED.

Nevertheless, the court is not without some flexibility with respect to the parties' case schedule. The court is willing to extend the discovery cutoff deadline to May 28, 2021, and the dispositive motions deadline to June 3, 2021. If the parties wish to move the deadlines to these dates, they should file a new stipulated motion to that effect within 14 days of the date of this order.

If the parties do not want to keep the current case schedule or adopt the court's proposed deadlines, the court will consider moving the parties' trial date to the end of the court's trial calendar. If the parties wish to move to the end of the trial calendar, they

should file a new stipulated motion to that effect within 14 days of the date of this order. The parties should be aware that the court is presently scheduling trials in the winter of 2022-23 and that the court expects to have a backlog of cases to reschedule in light of the civil and criminal trial continuances mandated by General Order No. 02-20 and subsequent general orders extending those continuances.  *See* W.D. Wash. Gen. Order 02-20; *see also* W.D. Wash. Gen. Order 15-20; W.D. Wash. Gen. Order 04-21.  If the court moves this matter to the end of its trial calendar, the court will also issue a new scheduling order for all unexpired pretrial deadlines.

Dated this 12th day of April, 2021.

JAMES L. ROBART
United States District Judge